the fourth district appellate court of the state of illinois has now convened the honorable craig hd armand presiding morning counsel we'll call case number 4-22-0924 june brunton versus robert kruger at all could counsel for the appellant please state your name for the record your honor mercer turner from bloomington illinois thank you and counsel for the appellate could you please state your name for the record justin karubas on behalf of the appellees i will be arguing the appeal today and i am joined by my co-counsel daryl dyes all right thank you gentlemen mr turner you may proceed may it please the court and counsel um the argument uh that uh the appellant has um is about a legal decision a decision of law made at the lower court regarding the presumption of undue influence we believe that this should be uh reviewed as a mistake of law uh it's very similar to it's analogous to the mistake of law that occurred in the hoover decision which the the hoover decision i'm referring to is the supreme court decision which the supreme court said and a supreme court decision after this case was filed was the leading undue influence case in illinois in the hoover decision the circuit court um had entered a a sanction against the some of the parties that had contested the will because the circuit court thought it was inappropriate to bring an undue influence claim uh at the same time the testator had capacity and mr turner good morning may i ask a question please you bet um you suggest that the trial court erred in refusing to find a presumption of undue influence in this case but if you can tell us what evidence was there of any direct connection between the accountant mr streigel if i'm pronouncing his name correctly and robert krueger in procurement of these new wills in 2005 there is none all right so then what authority do you have to share with us where an accountant who does not benefit from this testamentary plan and with no connection to the beneficiaries can serve as a basis for an undue influence claim we cited um oh maybe a dozen decisions in our briefing and in those decisions uh the proposition is recited that the legal principle is contained that um it makes no difference who commits the undue influence if the if there is undue influence which is uh occurs uh it's uh presumed to be uh influence made by the beneficiaries that benefited from the undue influence but that's quite frankly somewhat of a superficial analysis of that concept and the reason is uh the way it's imputed is in the remedy the once undue influence is found the remedy is the nullification of the testamentary instrument and um in this case the fact that mr streigel was involved in having the petitioner removed as a beneficiary and having a non-existent put agreement uh uh be substituted in lieu of the benefit they were planning on giving her in the testamentary or in the trust the living trust um uh you know that that action is is not disputed and that is part of and a good portion of the act of undue influence well let's look at that put agreement for a second under the agreement she would receive 500 000 correct well the put agreement it is it's actually a simple question if and if i'm mistaken the answer to that is no that's not that's not correct your honor and i'm sorry i have to say that no that's fine i i that's why i i broke in and said if i'm not assessing it correctly then please correct me under the put agreement what was she to receive well the put agreement would be activated uh at her uh at the passing of both of her parents and uh then the way i'll put agreement works is she would tender her shares of stock in the company uh for purchase and in return there would have been a long-term uh payment of principal and interest to her over her lifetime and her lifetime would have been calculated based upon her age at the time and there is no reference to five hundred thousand dollars as the amount to be paid for the then be paid out to her over her lifetime which i mean she was 60 at the time so the next 20 years or so there was a financial analysis made in a letter by mr striggle that indicated what the total value of the company would have been what her percentage of ownership would have been and that that would be used go ahead i'm sorry okay and perhaps that's what you're referring to is that letter uh which uh estimated what would be available uh for uh paying a lifetime annuity to her okay so instead um they went out got a loan and paid her 961 thousand dollars in a flat sum correct well that occurred some years later well yeah because nobody was dead at the time well yes but also uh over that period of time the value of the underlying assets also materially increased so to say or to think that well she she made a profit in this transaction isn't an accurate analysis because the value of the underlying asset would have increased in value more than the difference between 500 and 900 thousand dollars well was there any evidence that she was forced to sell her stock for the 961 thousand dollars the evidence was that the primary beneficiary that benefited from the undue influence robert kruger was the person that made the purchase that's what the evidence was sure but that begs the question was there any evidence that she was forced to sell her stock for 961 thousand dollars well in undue influence cases the there is a force asserted against the beneficiary that would not be a relevant inquiry what would be irrelevant i feel like i'm talking to the president's press secretary the question is very simple is there any evidence that she was forced to sell her stock for 961 thousand dollars that's really a question that can be answered yes or no and the answer is no there is no evidence okay all right go ahead i have another please listen i'm very interested in answering all your questions so please don't don't ask them okay i'm some internet problems with respect to undue influence and i apologize all right well if you can't well uh let me see if i can get the question out if not i apologize i'm hearing now for undue influence uh presumption there are four elements um how do we look at and meet this fourth element that the will was prepared by or procured by the beneficiary what evidence is there that robert was involved in procuring this new will there is none it's presumed it's presumed because because because the law provides and long settled law provides that when undue influence occurs it's it's uh uh attributed to the uh beneficiaries that benefited from the undue influence you counsel i'm gonna i'm just gonna jump in because i've been listening and what i what i'm picking up on is it seems that you are relying on putting this undue influence together this argument by wholly circumstantial evidence but if you get down to just what undue influence is there's got to be a direct connection to the execution of the document where is that because you've assumed you're arguing this as though there was undue influence where's the direct connection at the time of the execution of the document where the influence uh undue influence was okay why if if the law provides that a third party can commit undue influence without evidence of connection to the primary beneficiaries where what case do you have that says that you see you keep saying that procurement is not an issue because the third party is the procurer but other than one line out of chaney completely out of context in relation to this case you don't cite any authority for that principle there's a whole line of cases now they don't follow each other well you say you say that but the trial judge said you know i looked at all those cases and in every one of those cases there was some direct connection to be found i think the court's language in fact was that in no instance where a third party conduct was imputed to a beneficiary was there no evidence of a direct connection rather there was evidence of an intention to benefit the beneficiaries or there was evidence that the beneficiaries were seeking the help of the third party which gets me back to justice cavanaugh's question what evidence do you have that mr striegel or any of the beneficiaries somehow were connected involved or directly related in procuring these terms none is now okay go ahead i'm sorry okay i think the the line of cases has been settled the law is settled that there can be third party undue influence the idea that well where is the case involving a cpa when several of these cases were decided the occupation of cpa didn't exist i think the most analogous circumstance would be you know an attorney mr striegel was providing some services that are related to the similar to the type of services an attorney would provide in estate planning i don't think there's any question that the law recognizes that an attorney can be involved in the commission of undue influence now but you just named mr barger did anything well mr barger didn't review with the uh testators the change made by mr striegel which was to remove the petitioner as a beneficiary of the trust he didn't review it what are you talking about there's there's a whole series of correspondence back and forth with the terms that are being discussed between mr striegel between the decedents and between the attorney and in fact he sends back letters saying no they don't like this provision in fact they don't want to give her the 500 000 they were just in they were not in agreement to give her 500 000 that was mr striegel's letter that wasn't a letter from helen and gordon kruger and the evidence is and it's undisputed that there was no communication between mr barger and helen and gordon after june of 2005 except for a single letter that was sent to them in november which contained the final draft of the wilson trust and the evidence shows there were no questions in response to that letter and then the meeting on december 7th to have it signed at which time mr striegel was present and served as a witness of the wills so what is it you're saying he did and what is you what are you basing that on that's my question as well i was about to ask the same question what he did was he removed he had them removed uh how did he do that by proposing how did what evidence is there that he proposed any specific terms other than those that related to trying to mr striegel where he specifically makes that proposal and in mr barter's testimony saying that he followed that august 12th letter in making changes to the uh documents to conform to that letter and without reviewing it with helen and gordon or discussing it with him specifically so that's it that's it okay and and what changes are you referring to i mean weren't the relevant i'm sorry relative positions of the siblings vis-a-vis the shares the same in the 1992 wills as the 2005 wills at least robert got the most j june got the least yes in terms of relative percentages you could make that uh conclusion yes but there was material increase in the benefits robert and dollars okay so what actually was done the shares of stock of the farm corporation k farms inc was all allocated to robert and in the earlier document it was divided among the four children with the petitioner receiving the smallest percentage and to briefly line out the client would have received uh and in terms of the dollars that were used by mr striegel to value the assets in 2005 when the wills and trusts were made my client had her benefit reduced by something like a million and a half dollars well if they didn't want to give her 500 000 it's probably reasonable to assume they didn't want to give her a million and a half isn't it the position that we have in this is that they indeed wanted to give her 500 000 and the reason they didn't give her that or more was because mr striegel suggested they leave her a put agreement but so instead of the 500 she got 961 no that's not that's not an accurate she didn't get 961 she did she sold her stock to robert for that amount but it didn't have anything to do with the signing of the 2005 wills and if it did robert was the person doing it he was you know that would that was the evidence that robert was involved in procuring anything well he procured that purchase and there's direct evidence in the testimony well no actually he didn't it wasn't it's he didn't he wasn't the one that went to the bank and got the money initially he's the one who actually made the purchase but he didn't negotiate the loan did he there is evidence that he he's the one that arranged for the loan the discussions that they had that the loan officer had with gordon was preliminary in nature it was finished by robert and the evidence is clear about that in the testimony and the evidence is equally clear that gordon said this was for an inheritance for his daughter yes okay you understand mr scherner our our difficulty in that it seems like you are trying to put together a principle of law from a thread from one line of cases and a thread from another without any authority whatsoever for the ultimate principle that you're putting forth that procurement i think your terminology is procurement is not an issue because the third party is the procurer and that's that's pretty much the principle that you set out but yet there aren't any cases that say that by itself where there isn't a direct connection between the person procuring the benefit or procuring the the will and receiving a benefit of some sort or being involved in or connected to someone who's receiving a benefit and here all we've got is an accountant who apparently receives no benefit of a lawyer who receives no benefit of any kind and robert who wasn't involved in any in negotiating or creating instructing or suggesting any of the terms if i could respond please i'll be right ahead i'll be very brief if you require that there be evidence connecting the person who's charged with committing the undue influence with the principal beneficiaries if you require that connection you essentially eliminate the legal concept of presumption of undue influence because there's you're saying you can't presume anything you have to have direct proof on every detail that leads from a to z and i don't believe that's what the law says i believe the law is settled and i the connection that you're believe yeah that you're saying needs to be there i understand what you're telling me and uh i i'm trying to be polite and saying i disagree with you i believe that's fine you're more than you're more than entitled to disagree okay i believe the law says that you can use a presumption when there has been undue influence and that the innocence of the beneficiaries is relevant and there's case laws that say that and i've cited it and quoted it in the brief all right thank you mr turner you will have an opportunity on rebuttal thank you very much mr carubas thank you your honors good morning may it please the court and council the trial court did not exclude evidence imputing mr striegel's conduct to the beneficiary robert kruger mr carubas can i just interrupt just for this one quick question you you close out your brief with a jurisdictional question kind of like a throwaway and i jurisdiction would kind of be rather essential to even addressing any of the other issues so i'm wondering are you just giving up on that issue completely or did you just include that for the heck of it well i wanted to apprise the court of a potential jurisdictional issue i had you know 12 different arguments to make and i picked my most important one first but jurisdictional is is definitely an issue here um i could delve into the lack of jurisdiction then we're done that's correct your honor so why don't we talk about that okay i mean the court has a basis to deny jurisdiction um there's two ways that i raised up the pending counterclaims or the untimely post-trial motions um was it untimely if the judge then provided a supplemental decision which superseded the previous and i was unable to find any case law that said they could go back and make make it timely by redoing the judgment time so that's why i kind of threw it on the court and said these were the facts this is how it went down um the the post-trial motion was late but then the judgment got amended back so you know it i don't know if that corrects your jurisdiction our jurisdictional issue all right go ahead with your substantive issues then and i recognize that this case is 12 years old so jump in if there's any questions um as they come up um it's not a deficiency in the trial court and in finding in excluding some evidence it was the deficiency in the petitioner in providing the court with sufficient evidence to be able to impute mr striegel's conduct to the beneficiary robert kruger for the purposes of the presumption um one of the issues i think we all wrestle with when discussing undue influence is undue influence can be proved by specific conduct regardless of the presumption and if there is specific conduct of undue influence then in the innocence of the beneficiary doesn't matter then there you don't have to have a connection because there's specific conduct of undue influence that overcomes the will of the testator in making the wills and trusts what differs from our case here is petitioners relying on the presumption the presumption has those four prongs that need to be met and by simply following the jury instructions the procurement prong talks about the beneficiary having to prepare the will well that's too easy we don't go into the beneficiary preparing the will so the beneficiary has to cause the preparation of the will now there's a number of cases that deal with defining this cause the preparation of the will um nexus connection uh so it tries to flush some of those out is there some kind of active participation in the procurement that was the cheney verse gold case is the beneficiary a go-between or an agent so the beneficiary asks the third party in this case hypothetically if mr if robert krueger told the accountant to go change my dad's will that would be evidence of pausing the procurement there was none of that in this case but that is causing the procurement that was evidenced in the smith first headline case um so the procurement prong has been defined over the years and there's there's not that many cases we're talking five six cases over a hundred years as we try to flush out what is the pausing procurement for the purposes of the presumption only another one was the the smith smear case which dealt with the close relationship the beneficiary was the wife the husband was the picture the court said that's close enough there's some benefit there um we're going to find that there's enough for uh presumption so the law requires a link whether you call it a connection an axis for the presumption to exist the petitioner failed to provide enough evidence for that presumption and the petitioner wants the court to provide that link the court failed to impute that's not the case there was not sufficient evidence for the court to find that there was enough of a link and that doesn't even go into the the rebuttal argument um so even if there is a presumption the court then found that assuming there is a presumption there's been a plenty of evidence that that presumption would have been rebutted by clear and convincing evidence robert wasn't involved any robert was involved in k farms he was the farmer his wife was involved in k farms farms his kids were involved in k farms farms council my question to you is did it not matter that these new documents created a nine million dollar increase in testamentary benefit for robert isn't that important here when we look at this issue yes it is all right and how do you suggest we fit that into looking at whether there was undue influence or not well that goes into testamentary freedom in my view the you are what you want with your money and so i can give my nine million dollars to any one of my kids is any one of my kids making me do that so i i would go into that's what gordon and helen kruger wanted to do uh now were any of the kids already are involved in making gordon and helen do that and the answer is no there's no evidence that there was any involvement does that sufficiently answer your question yes and then uh continuing on the rebuttal argument uh june brunton's uh participation in the family there was a family dynamic over the years evidence of uh not being present in gordon and helen's life uh you can tell by uh some close friends of helen kruger not seeing june brunton around june brunton not being present at the funeral uh you could tell that there was a family dynamic going on i don't you know it's hard to get that with specificity but there's certain examples you get that say that out of all the kids some some were around some weren't that might decide what a testator wants to do with their money based on who was present and the estate planning process was normal we had mr flint we had two attorneys and an accountant over six months write a bunch of letters have an initial meeting gordon and helen kruger let the accountant and the attorneys have back and forth to figure out exactly what the terms were but they retained their desire on where the money goes that's what clients are concerned about you know who's in charge and who gets the money that's what they were focused on let the accountant save me money let the attorneys figure out how to go about doing you know they met in june they met in december it was a normal process that none of the children were involved in this process three professionals it wasn't a rushed process nobody was at the death's door um and there was a we have only one living eyewitness mr barger the drafting attorney and he says it was gordon helen kruger's intention to exclude june brunton that's telling evidence right there we also had a geriatric psychiatrist testify that gordon helen were not vulnerable to undue influence and a an attorney testified that there was no undue influence this is all in effort of rebutting whatever presumption might have been there so even if there was a presumption even if there was some procurement based on trying to presumption is rebutted council um is there evidence that uh the accountant striegel kid appellants um disinheritance by structuring this put agreement that never materialized um the put agreement would that should have had income for life um for her no there's no evidence that it was hidden there was evidence that there was a draft done by an attorney um and some discussions um in the letters but we don't have any testimony from striegel or gordon and helen kruger um about it so there's no evidence that it was hidden or disclosed or anybody refused to sign or didn't sign or why they didn't sign we just have a draft of a document that was prepared and ultimately not signed i have no further arguments unless you wanted me to delve into some other areas um the standard of review is another area i think that uh i was wrestling with i i leaned on the kaufman case which uh has not been further published as of yesterday to say that the standard review is de novo if we are just wrestling with the whether or not there was a presumption question and then the standard of review is the manifest weight of evidence if we are discussing whether um the evidence of rebuttal is enough to rebut the presumption so unless further questions i have nothing further to argue i ask that you uh deny the appeal thank you see no other questions thank you counsel mr turner rebuttal in rebuttal your honor uh i would say a couple of straightforward arguments first if uh the court is going to require uh that there be evidence connecting the party guilty of the undue influence with the primary beneficiary then that will essentially viscerate the long-held settled law of imputing undue influence committed by third parties well in each of the cases that you cite mr turner the third parties involved have some connection either a marital relationship or they had a benefit that they were going to receive themselves or that they were actively involved in the procurement so i'm trying to figure out where you come up with the conclusion that you don't need any evidence of any connection whatsoever because that long line of cases you talk about which is only actually about four okay well the cases there's a connection well you're you're reading into the cases that there is a connection a factual connection from the statement of facts in the case or uh from uh analyzing who are the but none of those that's kind of how we do it i know but none of those none of those cases say that there has to be proof of a conspiracy between the party committing undue influence and the beneficiaries so i i'd like to make one more quick argument just a very quick one and the reason that i believe that i'm correct on the law on this and i do i say so respectfully i respect your argument uh but um a will contest is an interim action nobody is finding anyone guilty or liable uh or there's there's not a judgment entered against anybody it's a it's an interim action it has to do with the with the documents thank you judge that's all i have in rebuttal but i'm pleased to answer any more questions i guess i do have one more thing before i shut myself off if i can have a one more minute no go right ahead in terms of the jurisdiction there was an immediate post-trial motion filed by um the respondents and that issue still pins and the trial court is unable was having difficulty resolving it that's why this appeal came the way it did without all the issues being resolved and it's it's bended from the end of the trial and it still pins today while that is pending the court is entitled to allow us to file a post-trial motion regardless of when it occurs that's all i have to say about this so quick questions one it was interesting that the the motion that's at the crux of this entire case is the one document that doesn't appear in the record how did that happen do anybody have any idea the the petitioner's motion to find a presumption that you're referring to yes that would have been just an oversight of my part there were a number of motions that were filed prepared and filed after the the case commit the trial commenced and i filed proof that it got circulated to everybody and got argued uh but the next step of getting it into the file that would have been my fault for not putting it there okay i just i couldn't figure out because there's a written response so obviously there was a written pleading out there somewhere that ever and the it wasn't in the record that was a question of mine that's really the only question i have any other questions all right thank you counsel we appreciate your argument thank you take this matter under advisement the court stands in recess